IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAVID C HARRIS, | : |
| | : |
| Petitioner, | : |
| VS. | : |
| | : NO. 3:22-CV-00009-CDL-CHW |
| SHERIFF JOE CHAPMAN, | : |
| | : |
| Respondent. | : |
| _____ | : |

**ORDER**

Petitioner David C. Harris, an inmate confined at the Walton County Jail in Monroe, Georgia, has filed a *pro se* petition for federal habeas corpus seeking relief pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Petitioner has also moved for leave to proceed *in forma pauperis* in this case (ECF No. 2) and seeks appointed counsel (ECF No. 4).

Based on his submissions, the Court finds that Petitioner is presently unable to prepay the filing fee.  Petitioner's motion to proceed *in forma pauperis* is thus **GRANTED.**  It is also now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.   If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the

petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.[1]  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Petitioner has also filed a motion for appointment of counsel (ECF No. 4). Generally, there is no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992).  The Rules governing habeas cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v.*

---

[1] The Court may apply these Rules to Petitioner's federal habeas petition even if it is filed pursuant to 28 U.S.C. § 2241.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

*Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases).   This Court is not yet able to determine whether counsel needs to be appointed in this case.   However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel.   Until then, Petitioner's Motion (ECF No. 4) is **DENIED**.

A copy of the Petition and a copy of this Order shall be served upon Respondent by the Clerk via U.S. Mail.   A copy of this Order shall also be served by the Clerk by U.S. mail upon Petitioner.   Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 8th day of February, 2022.

> s/ Charles H. Weigle
> Charles H. Weigle
> United States Magistrate Judge