IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAVID C. HARRIS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:22-cv-00009-CDL-CHW |
| | : | |
| Sheriff JOE CHAPMAN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is Respondent Sheriff Joe Chapman's motion to dismiss this Section 2254 federal habeas action commenced by Petitioner David C. Harris. (Doc. 12). For the following reasons, it is **RECOMMENDED** that the Respondent's motion be **GRANTED**, and that this action be **DISMISSED with prejudice** as untimely. It is further **ORDERED** that Petitioner's successive motion for appointment of counsel (Doc. 14) is **DENIED**.

## BACKGROUND

Petitioner challenges his October 20, 2020 conviction in the Walton County Superior Court on charges of driving with a suspended license, fleeing an officer, failure to stop at a stop sign, reckless driving, operation of an unregistered vehicle, and use of an incorrect license plate to conceal identity, for which Petitioner received a total sentence of two years of incarceration along with eight years of probation. (Doc. 12-3, p. 1). Petitioner did not pursue a direct appeal from his state conviction. Nor did Petitioner collaterally attack his conviction by filing a state habeas corpus action. The record indicates that Petitioner did commence a state habeas action in June 2020, prior to the entry of judgment against him, but Petitioner acknowledges that this habeas petition, which

1

challenged his pre-trial detention, was "denied because Defendant took [a] plea." (Doc. 1, p. 2). Petitioner commenced this federal habeas action on January 12, 2022. (Doc. 1).

## MOTION TO DISMISS

In his pending motion to dismiss, Respondent raises the procedural defenses of failure to exhaust and untimeliness. Respondent also argues that Petitioner's grounds for relief are foreclosed by law, but that merits-based argument is not addressed herein.

Plainly, none of Petitioner's Section 2254 claims are exhausted. Before Petitioner may challenge his state conviction in a federal habeas corpus action, Petitioner must exhaust his claims before the state courts. 28 U.S.C. § 2254(b)(1)(A). To exhaust, Petitioner "must give the state courts an opportunity to act on his claims" by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999). Petitioner has not satisfied this requirement because he has not challenged his state conviction through either a direct appeal or the state collateral review process. Accordingly, a dismissal for failure to exhaust would be appropriate. The remedy for failure to exhaust, however, is a dismissal without prejudice so that a federal habeas petitioner may first apply to the state courts to satisfy the exhaustion requirement, and then return to federal court.

Respondent also moves to dismiss on grounds of untimeliness, which would result in a dismissal with prejudice. Because it is clear that Petitioner's Section 2254 petition is untimely, it is more appropriate rule on grounds of untimeliness to "forego the needless judicial ping-pong" of dismissing without prejudice for failure to exhaust, only to allow Petitioner to file a second, untimely Section 2254 petition in the future. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (discussing exhaustion and procedural default).

Regarding timeliness, pursuant to the Antiterrorism and Effective Death Penalty Act or AEDPA, a one-year limitation period applies to Section 2254 federal habeas petitions. Normally, as here, that limitation period begins to run as of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA further provides for statutory tolling of the limitation period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment … is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not directly appeal his October 20, 2020 conviction, that conviction became final thirty days later on November 19, 2020. OCGA § 5-6-38(a). From that date, AEDPA's clock ran for 365 consecutive days through November 19, 2021, when it expired. Petitioner's Section 2254 federal habeas petition, not filed until January 12, 2022, is therefore statutorily untimely by nearly two months.

Petitioner does not ask for equitable tolling of AEDPA's limitation period, and equitable tolling is not warranted. To obtain equitable tolling of AEDPA's limitation period, a Section 2254 petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Petitioner offers no justification for his failure to take any action, in either federal or state court, to challenge his conviction for over one year, and no such justification is apparent from the record. Accordingly, equitable tolling is not applicable, and Petitioner's Section 2254 petition should therefore be dismissed as untimely.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that the Respondent's motion to dismiss (Doc. 12) be **GRANTED**, and that this action be **DISMISSED without prejudice** for

failure to exhaust. Additionally, pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the presiding District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of September, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge